# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40722
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMELO DIAZ-GOPAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-631

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Carmelo Diaz-Gopar pleaded guilty to one count of conspiring to transport aliens within the United States and conspiring to harbor aliens within this country for private financial gain resulting in the death of at least one person. He appeals his non-guidelines sentence of 121 months, insisting that the district court erred by imposing a sentencing adjustment under U.S.S.G. § 3B1.4. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40722

We review the district court's factual findings for clear error and its legal determinations regarding the application of the sentencing guidelines de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Even when a district court fails to consider the correct guideline sentencing range, such an error may be harmless "if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing."  *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

We need not decide whether the district court erred in its guidelines calculations, because review of the record convinces us that any error arising from assessment of the § 3B1.4 adjustment was harmless.  The district court was principally concerned with, and its choice of sentence principally driven by, the loss of life and disregard for human dignity involved in the instant offense.  The district court's extensive remarks at sentencing convince us that, even if a guidelines calculation error occurred, then the district court would have imposed the same sentence.  *See Ibarra-Luna*, 628 F.3d at 714.  The judgment of the district court is AFFIRMED.